IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WALTER HARRIS, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 15-cv-2678 |
| FINANCIAL BUSINESS & CONSUMER SOLOUTIONS, INC., f/k/a FEDERAL BOND AND COLLECTION SERVICE, INC. ) | |
| Defendant. ) | Jury Demanded |

## COMPLAINT

Plaintiff Walter Harris brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## PARTIES

3. Plaintiff Walter Harris ("Plaintiff") is an individual who resides in the District of Kansas, from whom Defendant attempted to collect a delinquent consumer debt

allegedly owed for a defaulted Merrick Bank Corporation consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Financial Business & Consumer Solutions Inc., ("FBCS"), formerly known as Federal Bond and Collection Service, Inc., is a Pennsylvania Corporation with its principal place of business at 330 S. Warminster Rd. Suite 355 Hatboro, PA 19040. It does or transacts business in Kansas. (See Exhibit A, Record from Pennsylvania Secretary of State)

5. Defendant FBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant FBCS is a "debt collector" as defined in 15 U.S.C § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a debt for goods and services used for personal purposes, originally for Merrick Bank Corporation consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9. FBCS was subsequently retained or hired to collect the alleged debt.

10. On or about November 6, 2014 FBCS mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

11. The Letter conveyed various information regarding the account directly to Plaintiff, including the amount owed, the identity of the original creditor, and the original account number.

12. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

13. The Letter was mailed in an envelope with a glassine window that showed Plaintiff's name and address.

14. Included above the Plaintiff's name was a number.

15. The number ("Account Number") matches Plaintiff's account reference number for the alleged debt, ending in 2592.

16. The Account Number is visible through the window of the envelope.

17. The Account Number is not part of the debt collector's address.

18. The Account Number is not part of the debt collector's name.

19. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

20. FBCS used unfair means to collect or attempt to collect a debt by exposing Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

21. An account number for a consumer's debt may not be disclosed on the face of an envelope that the debt collector mails to the consumer. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

22. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Kalebaugh v. Berman & Rabin, P.A.*, No. 13-2288-DDC-TJJ, 2014 WL 4259150, at *5 (D. Kan. Aug. 28, 2014).

23. The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir. 2002).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff re-alleges the above as if set forth fully in this count.

25. FBCS used unfair means in connection with an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(8) when it exposed Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant FBCS as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ Ryan Callahan
One of Plaintiff's Attorneys

Ryan Callahan
Callahan Law Firm, LLC
221 E. Gregory Blvd., Suite A
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com